MCGREGOR W. SCOTT
United States Attorney
EDWARD B. STANDEFER
Designated Local Rule 180 Prosecutor
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 559-4000
Facsimile: (559) 559-4099

Attorneys for the United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>  v.<br><br>ELIOT W. LOW,<br><br>      Defendant. | Case No. 5:19-po-00026-JLT<br><br>MEMORANDUM OF DIVERSIONARY PLEA AGREEMENT PURSUANT TO RULE 11(c)(1)(B) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE<br><br>Hon. Jennifer L. Thurston |

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United

States of America, by and through McGregor W. Scott, the United States Attorney for the

Eastern District of California, and Designated Local Rule 180 Prosecutor Edward B. Standefer,

has agreed with the defendant, Eliot W. Low, as set forth below.

This Plea Agreement is limited to the United States Attorney's Office for the Eastern

District of California and cannot bind any other federal, state, or local prosecuting,

administrative, or regulatory authorities.

1.  <u>Charges</u>

The defendant acknowledges that he has been charged in a one-count citation, Number 7570966, as follows:

Count One:     36 CFR 4.10(a) Operating a Motor Vehicle Off Road in Undesignated
                        Areas

2.  <u>Agreements by the Defendant</u>

(a)     The defendant agrees that this Plea Agreement shall be filed with the Court and become a part of the record of the case.

(b)     The defendant agrees to enter a plea of guilty to the sole count charged in the citation.

(c)     The defendant agrees to postpone sentencing in this matter until September, 1 2020. The period from the date the defendant enters a plea of guilty until the date of sentencing shall be known as the "diversionary period."

(c)     The defendant understands and agrees that he will not be allowed to withdraw his plea absent a stipulation from the government permitting such withdrawal at the conclusion of the diversionary period.

(d)     The defendant knowingly and voluntarily waives his Constitutional, statutory and legal rights to appeal his plea, conviction, or sentence.  This waiver of appeal includes, but is not limited to, an express waiver of the defendant's right to appeal his plea, conviction, or sentence on any ground, including any appeal right conferred by 18 U.S.C. § 3742 or otherwise.  The defendant further agrees not to contest his plea, conviction, or sentence in any post-conviction proceeding, including but not limited to a proceeding under 28 U.S.C. §§ 2255, except for non-waivable claims.

(e)     The defendant further acknowledges that: (i) his plea of guilty is voluntary; (ii) no force, threats, promises or representations have been made to anybody, nor agreement reached, other than those set forth expressly in this Plea Agreement, to induce the defendant to plead guilty; and (iii) there have been no representations or promises from anyone as to whether the

1  Court will permit the defendant to withdraw his plea at the time of sentencing, or what sentence

2  the Court will impose.

3       (f)     During the diversionary period, the defendant agrees that he: (1) pay $7500 in

4  damage restitution to the National Park Service and (2) obey all laws. The term "obey all laws"

5  as used herein means all federal, state and local laws. An offense that can be charged only as an

6  infraction will not be considered a "violation of the law" within the meaning of this agreement.

7       (g)     The defendant agrees that compliance with the above terms set forth in paragraph

8  (2)(f) is to be determined at the sole discretion of the United States Attorney's Office for the

9  Eastern District of California.

10       (h)     The defendant agrees to waive all rights under the "Hyde Amendment," Section

11  617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in

12  connection with the investigation and prosecution of all charges in the above-captioned matter

13  and of any related allegations (including without limitation any charges to be dismissed pursuant

14  to this Agreement and any charges previously dismissed).

15       (i) Should the defendant not be a citizen of the United States, the defendant hereby

16  acknowledges that adverse immigration consequences, including but not limited to removal from

17  the United States, exclusion from admission into the United States, and/or denial of

18  naturalization in the United States, may result from his plea.

19

20

21      3.     <u>Agreements by the Government</u>

22       (a)     The government agrees to recommend that the Court set this matter for a

23  sentencing hearing on or before December 3, 2020, in order to permit the defendant to perform

24  the conditions set forth in paragraph (2)(f) above.

25       (b)     If, as determined at the sole discretion of the United States Attorney's Office for

26  the Eastern District of California, the defendant fully complies with the terms set forth in

27

28  MEMORANDUM OF DIVERSIONARY PLEA      3
    AGREEMENT

1    paragraph (2)(f) above, the government agrees to: (i) stipulate to the withdrawal of the

2    defendant's guilty plea; and (ii) move for dismissal of the citation, at the time of sentencing.

3           4.     <u>Nature, Elements and Possible Defenses</u>

4           The defendant has read the charges against him contained in the Information, and those

5    charges have been fully explained to his by his attorney. Further, the defendant fully

6    understands the nature and elements of the crime in the citation to which he is pleading guilty,

7    together with the possible defenses thereto, and has discussed them with his attorney.

8           The elements of the crime of Operating a Motor Vehicle Off Road in an Undesignated

9    Area, as alleged in the citation, are as follows:

10       First,         the defendant was in the State and Eastern District of California;

11       Second,       the defendant was in physical control of a motor vehicle that operated off

12                       road in an undesignated area;

13           5.     <u>Factual Basis</u>

14           The defendant concedes that he will plead, and is pleading, guilty to the crime set forth in

15    the citation, because he is, in fact, guilty of that offense. The defendant also agrees that the

16    following are the true and correct facts of this case:

17             On November 25, 2018, the defendant was in physical control of a motor
              vehicle that operated off road in an undesignated area, while in Death Valley

18             National Park. This action occurred in violation of Title 36 of the Code of
              Federal Regulations, Section 4.10(a).

19

20           6.     <u>Potential Sentence</u>

21    The following is the maximum potential sentence which the defendant faces:

22    COUNT ONE:        [Operating a Motor Vehicle Off Road in Undesignated Areas in

23                       violation of Title 36, Code of Federal Regulations, Part 4.10 (a)]:

24       (a)     Imprisonment.

25              Maximum: Six (6) months.

26       (b)     Fine.

27              Maximum:     Five Thousand Dollars ($5,000).

28

(c)     Both such fine and imprisonment.

        (d)     Penalty Assessment.

                Mandatory:  Twenty-five dollars ($30.00).

7.      Waiver of Rights

        The defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a)     If the defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial by a judge sitting without a jury.

(b)     The judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(c)     At a trial, the government would be required to present its witnesses and other evidence against the defendant, and prove each element of the charge against the defendant beyond a reasonable doubt.  The defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on his own behalf.  If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.  At trial, the defendant would also have the right to assistance of legal counsel.  If he could not afford legal counsel, one would be appointed for him by the Court at no expense to him.

(d)     At a trial, the defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from this refusal to testify.

        The defendant understands that by pleading guilty he is waiving all of the rights set forth above, and acknowledges that his attorney has explained to him those rights and the consequences of his waiver of those rights.

8.      Questions by Court

MEMORANDUM OF DIVERSIONARY PLEA                    5
AGREEMENT

1   The defendant understands that if the Court questions him under oath, on the record and

2   in the presence of counsel, about the offense to which he has pleaded guilty, his answers, if false,

3   may later be used against him in a prosecution for perjury.

4   ///

5   ///

6   ///

7   ///

8   ///

9   ///

10  ///

11  ///

12  ///

13  ///

14  ///

15  ///

16  ///

17      9.    Court not a Party

18      (a)    It is understood by the parties that the Sentencing Court is neither a party to nor

19  bound by this agreement and the sentencing judge, pursuant to Rule of Criminal Procedure

20  11(d)(2)(B), may decline to permit defendant to withdraw his guilty plea at the time of

21  sentencing, and is free to impose the maximum penalties as set forth in paragraph 6 even if

22  defendant satisfies all of the terms and conditions of this agreement.  Further, in making its

23  sentencing decision, the Court may take into consideration any and all facts and circumstances

24  concerning the defendant's criminal activities, including activities which may not have been

25  charged in the complaint.

26

27

28

McGREGOR W. SCOTT
United States Attorney

Dated: 11/19/2019     By: _Edward Standefer_
                          Edward B. Standefer
                          Designated Local Rule 180 Prosecutor

Dated: 9/9/2019       By: _Eliot W L_
                          Eliot W. Low.
                          Defendant

Dated: 11/18/19       By: _John Underwood_
                          John Underwood
                          Attorney for Defendant

## ORDER

The plea agreement seeking pretrial diversion and/or deferred entry of judgment is DENIED. This sentencing option is not available under the law. (United States v. Cisneros, 2008 WL 2693185 (E.D. Cal. July 1, 2008).

IT IS SO ORDERED.

Dated November 21, 2019

_/s/ Jennifer L. Thurston_
/s/ Jennifer L. Thurston
U.S. Magistrate Judge